UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COURTNEY SEEGARS,

        Petitioner,               Case Number: 2:13-13764
                                               HONORABLE SEAN F. COX

v.

ROBERT NAPEL,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Courtney Seegars has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is in the custody of the Michigan Department of Corrections pursuant to convictions for arson of a dwelling house and burning real property, for which he is serving sentences of 7 to 20 years' imprisonment and 3 to 10 years' imprisonment, respectively. He seeks habeas relief on three grounds. Respondent argues that the claims are meritless. The Court denies habeas relief.

**I. Background**

Seegars' convictions arise from the burning of two homes located in Detroit on April 17, 2007, a vacant home and an adjacent occupied home. Kassandra Strawser lived in an apartment in the occupied home. She testified at trial that, on the afternoon of April 17, Seegars and his girlfriend Paulina, while visiting her apartment, discussed setting fire to an abandoned home next door. Strawser's roommate, Christopher Hawkins, warned

Seegars that the two houses were so close together that if they set fire to the abandoned home, their home would surely catch fire as well. Strawser testified that Seegars and Paulina nevertheless walked to a store and returned with lighter fluid. They left the apartment for a few minutes and returned stating that the place "went up fast." Tr., 5/21/08 at 21. The home where Strawser and Hawkins resided caught fire and was so badly damaged that it ultimately had to be torn down. Strawser testified that when she accused Seegars and Paulina of setting the fire, they both responded that they "didn't mean for it to get that big," and Seegars admitted he had "spread a little lighter fluid around there." *Id.* at 46-48.

Dennis Felder, a fire investigator for the Detroit Fire Department, testified that he investigated the fire and found it originated in vapors of incendiary liquid distributed inside the rear of the vacant building. The defense did not present any witnesses.

Following a bench trial, Seegars was found guilty of arson of a dwelling house and burning real property. On December 17, 2008, he was sentenced to 7 to 20 years' imprisonment for the arson of a dwelling house and 3 to 10 years' imprisonment for the burning real property conviction.

Seegars filed an appeal of right in the Michigan Court of Appeals raising a single claim, that the evidence was legally insufficient because the prosecution failed to prove that he acted wilfully or maliciously. The Michigan Court of Appeals affirmed Seegars' convictions. *People v. Seegars*, No. 290899, 2010 WL 1874027 (Mich. Ct. App. May 11, 2010). Seegars filed an application for leave to appeal in the Michigan Supreme Court,

raising the same sufficiency of the evidence claim. The Michigan Supreme Court denied leave to appeal. *People v. Seegars*, 788 N.W.2d 448 (Mich. 2010).

Seegars filed a motion for relief from judgment in the trial court, raising these claims: (i) insufficient evidence was presented to establish Seegars' identity as the perpetrator; and (ii) ineffective assistance of appellate counsel. The trial court denied the motion. *People v. Seegars*, No. 08-3225-01 (Wayne County Cir. Ct. Nov. 9, 2011). Seegars filed applications for leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court, both of which denied leave to appeal. *People v. Seegars*, No. 307671 (Mich. Ct. App. Aug. 24, 2012); *People v. Seegars*, 493 Mich. 967 (Mich. Apr. 29, 2013).

Seegars then filed the pending habeas petition. He raises these claims:

I. Defendant was denied due process when he was convicted on the basis of legally insufficient evidence where the prosecution failed to prove that he acted wilfully or maliciously.

II. Mr. Seegars' conviction must be vacated because the prosecution presented insufficient circumstantial evidence that defendant was the person who committed the crime of arson.

III. Defendant was denied the effective assistance of appellate counsel on appeal for counsel's failure to raise the issues in his motion for relief from judgment.

## II. Standard

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

3

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. __, 131

4

S. Ct. 770, 789 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual

determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. Discussion

Seegars raises two sufficiency of the evidence claims. He argues that the prosecution failed to prove the intent necessary to establish the crime of burning of a dwelling house and that the prosecution failed to prove his identity as the perpetrator.

Respondent argues that the second of Seegars' sufficiency of the evidence claims is procedurally defaulted and that Petitioner's ineffective assistance of appellate counsel claim fails to excuse the procedural default. The Court finds it unnecessary to address the question of procedural default. It is not a jurisdictional bar to review of the merits of an issue, *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005), and "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits," *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). Application of a procedural bar would not affect the outcome of this case, and it is more efficient to proceed directly to the merits.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could

have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, (citing *Jackson,* 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.*

First, Seegars argues that the prosecution failed to establish, beyond a reasonable doubt, the intent element of arson of a dwelling house. Under Michigan law, the elements of the offense are: "(1) the defendant burned a structure, (2) the structure was a dwelling house, and (3) when the defendant burned the dwelling house, he (a) intended to burn the house or any of its contents, or (b) intentionally committed an act that created a very high risk of burning the house or its contents and that, while committing the act, the defendant knew of the risk and disregarded it." *Seegars*, 2010 WL 1874027 at *1. "The requisite

7

mental state is either '1) an intent to burn the dwelling house of another, or 2) doing an act in circumstances where a plain and strong likelihood of such a burning exists.'" *Id.*, *quoting People v. Nowack*, 462 Mich. 392, 409 (2000).

The Michigan Court of Appeals held that the evidence presented at trial, viewed in a light most favorable to the prosecution, showed that Seegars intentionally set fire to a vacant house, which resulted in the burning of the dwelling house next door, occupied by Strawser and Hawkins. *Id.* The state court reasoned:

> Although defendant did not intentionally set fire to the dwelling house, that house was no more than five feet away from the vacant house. Setting fire to a structure located in such close proximity to a dwelling house creates a very high risk of burning that dwelling house because fire is not static; it spreads as it consumes fuel, and sparks can be blown to nearby sources of fuel. Further, Strawser testified that she twice expressed concern to defendant that her house could catch on fire if defendant were to set the vacant house on fire. Hawkins similarly testified that he warned defendant against starting a fire at the vacant house because "the house was so close if he set it on fire my house would catch on fire also." From such evidence, a rational trier of fact could find beyond a reasonable doubt that defendant was aware of the risk that the fire could spread to the dwelling house and disregarded that risk.
>
> Defendant's alleged mental illness or mental deficiency is irrelevant. Defendant was not found incompetent to stand trial and he did not assert an insanity defense. *See* M.C.L. 768.21a(3) ("[t]he defendant has the burden of proving the defense of insanity by a preponderance of the evidence"). Further, "the insanity defense as established by the Legislature is the sole standard for determining criminal responsibility as it relates to mental illness or retardation." *People v. Carpenter*, 464 Mich. 223, 241, 627 N.W.2d 276 (2001). Diminished capacity short of legal insanity is not a viable defense. *People v. Tierney*, 266 Mich.App. 687, 712-713, 703 N.W.2d 204 (2005).

*Seegars*, 2010 WL 1874027 at *1-2.

Here, as the Michigan Court of Appeals' explained, a rational view of the evidence supported a finding that Seegars had the requisite intent. Strawser's and Hawkins' testimony that they warned Seegars about the proximity of the abandoned house to their home was sufficient for the jury to conclude that Seegars intentionally created a very high risk of burning the house and that he knew of that risk. Habeas relief is denied on this claim.

Seegars raised his claim that the evidence was insufficient to prove his identity as the perpetrator for the first time in his motion for relief from judgment. The last state court to issue a reasoned opinion regarding this claim, the trial court, held that the evidence presented to establish Seegars' identity as the arsonist was "overwhelming." *Seegars*, No. 08-3225-01, slip op. at 4. The trial court cited the testimony of Strawser and Hawkins detailing Seegars' remarks both before and after the fire. The trial court also noted that the fire investigator matched the accelerant found at the fire with that sold at a nearby store where Seegars told his friends he went to purchase an accelerant. Because there were multiple pieces of evidence to establish Seegars' identity as the person who set the fire, the state court did not unreasonably apply *Jackson v. Virginia* in rejecting Seegars' sufficiency of the evidence claim.

Finally, Seegars raises an ineffective assistance of appellate counsel claim as cause to excuse the procedural default of his second sufficiency of the evidence claim. As discussed, the Court determined that the interests of judicial economy were best served by addressing the merits of the defaulted claim. Nevertheless, the Court will briefly address

9

the ineffective assistance of appellate counsel claim.

The Supreme Court has held that a petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). The Court further stated:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

Seegars claims that appellate counsel was ineffective in failing to raise on direct review the claim that insufficient evidence was presented to establish his identity as the perpetrator. Seegars has failed to show that this claim was potentially meritorious. Therefore, he cannot show that his appellate attorney was ineffective for failing to raise the claim on direct appeal.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**


Dated: December 19, 2014            S/ Sean F. Cox
                                    Sean F. Cox
                                    U. S. District Judge


I hereby certify that on December 19, 2014, the foregoing document was served on counsel of record via electronic means and upon Courtney Seegars via First Class mail atthe address below:

Courtney Seegars 616214
Marquette Branch Prison
1960 U.S. Hwy 41 South
Marquette, MI 49855

                                    S/ J. McCoy
                                    Case Manager