UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


COURTNEY SEEGARS,

                    Petitioner,                              Case Number: 2:13-13764
                                                             HONORABLE SEAN F. COX
v.

ROBERT NAPEL,

                    Respondent.
_____/

## OPINION AND ORDER

### (1) GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL;

### (2) GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL; AND

### (3) CONSTRUING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AS MOTION FOR RECONSIDERATION AND DENYING MOTION

Petitioner Courtney Seegars filed a *pro se* petition for a writ of habeas corpus

under 28 U.S.C. § 2254.  Seegars, a state inmate, challenged his convictions for arson of a

dwelling house and burning real property.  On December 19, 2014, the Court issued an

"Opinion and Order Denying Petition for Writ of Habeas Corpus and Denying Certificate

of Appealability."  Seegars has now filed a "Motion for Extension of Time to File Notice

of Appeal," an "Application to Proceed *In Forma Pauperis,*" and a "Motion for

Certificate of Appealability."

Petitioner seeks an extension of time to file a notice of appeal.  Fed. R. App. P.

4(a)(5) provides that the district court may extend the time to file a notice of appeal if:

> (i) the party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

> (ii) . . . that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5).

Seegars has filed his motion for an extension of time within thirty days after the time prescribed by Rule 4(a) expired.  Seegars satisfies the time requirement of Fed. R. App. P. 4(a)(5), and alleges good cause based upon the restrictions imposed by his confinement.  The Court grants Seegars an enlargement of thirty days to file a notice of appeal.  Seegars filed a notice of appeal on February 18, 2015.  Thus, that notice of appeal was timely filed.

Seegars also has filed a Motion for Certificate of Appealability.  Because the Court already denied a certificate of appealability (COA), the Court construes this motion as a motion for reconsideration.  Motions for rehearing or reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case.  E.D. Mich. L.R. 7.1(h)(3).  The Court declined to issue a COA because reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues presented were "adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).  Seegars' arguments for reconsideration amount to a

disagreement with the Court's decision.  A motion predicated upon such argument fails to allege sufficient grounds upon which to grant reconsideration.  L.R. 7.1(h)(3); *see also, Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998).  Seegars fails to demonstrate that the Court's decision denying a COA was based upon a palpable defect by which the Court was misled.

Finally, Seegars seeks leave to proceed *in forma pauperis* on appeal.  Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court.  An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith.  28 U.S.C. § 1915(a)(3).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000).  While the Court held that jurists of reason would not find the Court's decision that the petition was meritless to be debatable or wrong, the Court finds that an appeal may be taken in good faith.

Accordingly, the Court GRANTS Petitioner's "Motion for Extension of Time to File Notice of Appeal" [dkt. #15], and Petitioner's "Application for Leave to Proceed *In Forma Pauperis*" [dkt. #18].

The Court construes Petitioner's "Motion for Certificate of Appealability"

[dkt. # 19] as a motion for reconsideration and DENIES the motion.

SO ORDERED.


Dated:  February 27, 2015                       S/ Sean F. Cox
                                                Sean F. Cox
                                                U. S. District Judge


I hereby certify that on February 27, 2015, the foregoing document was served on counsel of record via electronic means and upon Courtney Seegars via First Class mail at the address below:

Courtney Seegars  616214
MARQUETTE BRANCH PRISON
1960 U.S. HWY 41 SOUTH
MARQUETTE, MI 49855


                                                S/ J. McCoy
                                                Case Manager